Our next case is Keysight Technologies v. Centripetal Networks, 2025-1053. Mr. Dietrich again. Good morning, Your Honors. May it please the Court, Jonathan Dietrich for Keysight Technologies. This appeal concerns whether the Board was obligated to address arguments raised by the petition against claim elements of certain dependent claims that were presented in the petition's analysis of the same claim elements of the independent claims, albeit without expressly referencing the dependent claim numbers beyond their identification in the global header of the ground. When the petition's arguments against the dependent claims, one, were expressly credited in the Board's institutional decision and found to be sufficiently presented, two, were not challenged either procedurally or substantively by the patent owner in its response, and three, were at the oral hearing, the Board asked for and received clarification from counsel on where in the petition those arguments had been made. The answer is yes. Counsel, do you agree that the petition did not contain any explicit arguments about those dependent claims 6, 14, 2, 30, or 33? No, Your Honor, I don't. I can go directly into, you know, it didn't reference the claim numbers, but everything else was there. A specific JA citation where you're indicating that there are explicit arguments raised in the petition about those five dependent claims? Yes, Your Honor. I'll go into that. And just generally let me finish the question and then you answer just so we keep the record clean, okay? Okay, thanks, Your Honor. You can answer now, though. Keysight's petition contained more than enough substance to infer, to signal, or to invoke the applicability of the petition's arguments regarding claim elements in the independent claims to those very same claim elements in the dependent claims. There are five claims at issue in this appeal across two groups. Okay, I'm waiting for the JA page, though. Just skip to that. Yes, so Appendix 2099-301, that addresses the packet security gateway element at issue in Claim 6. How about the LAN switch element or limitation of Claim 6? Where do you expressly address that? Yes, so again, that's Appendix 299-301. There, in a single paragraph, Keysight explained that Laws Firewalls 146A and 146B each correspond to the claimed packet security gateways, citing Laws paragraphs 22, 54, and 55, and expressly noted that Laws Firewalls are located at the perimeter of LAN 150 and further noted that the devices on the LAN include, quote, end quote. But you're discussing subject matter, and you said a few moments ago that the claim numbers weren't expressly stated. Well, claim numbers, that's the name of the game. Yes, Your Honor. This is the business of precision. You have to specify what claims you're dealing with, and you didn't. Well, we did. To be clear, the Ground 1 analysis stated that it included or that it was applying the combination of Law and Golnabi to render obvious Claims 6 and 33. That's Appendix 283 and 291. So there's no question that the petition identified Claims 6 and 33 as included in the Ground 1 analysis. The question is, where is it? But not subsequently argued. It was argued. As specific claims. Well, it wasn't argued with respect to the claim numbers. But as we see, for example, in this court. The board questioned your counsel and said, we don't see it. Yes. And to be clear, let's stick with the packet security gateway comprising a LAN switch. What I just explained is more than enough to signal the applicability of that argument to the Claims 6 limitation that a packet security gateway comprises a LAN switch. First, given that the petition's Ground 1 analysis did not include a separate subheading for the packet security gateway element of Claim 6, the only logical location to consider is the paragraph in Ground 1 analyzing lost disclosure of the packet security gateway element. How is it an abuse of discretion for the board to essentially conclude that signaling the applicability of an argument that's expressly a Claim 1 and never repeated with respect to Claim 6? How is it an abuse of discretion for the board to say, we don't see it for Claim 6? If you wanted it to be for Claim 6, just tell us. But you didn't tell us. Well, we did tell the board, Your Honor, at the oral hearing. You don't tell them in the petition. We did. You tell them that the petition Claim 6 is at issue, but you don't tell them our argument for the LAN switch limitation for Claim 6 is the same one as Claim 1. You don't tell them that, and they have a rule that says you basically have to be very clear about what you're doing. And we review that implementation of the rule for abuse of discretion, don't we? Yes, Your Honor. So how is it an abuse of discretion, what they did? Well, let me talk about this Court's decision in Renewvasive, which found a petition adequate despite the lack of an explicit reference in the relevant discussion of the prior art to either a particular claim number or the claim limitation itself. And specifically, this Court found that the petition's assertion that a specified portion of the prior art showed longer than wide implants was sufficient to raise an argument that the specified portion of the prior art disclosed the claim limitation at issue, which was the only claim limitation in the patent addressing a comparison of length to width. We have exactly the same type of signaling here, where despite the lack of the claim number in the relevant discussion or the exact words of the claim language, there was nonetheless more than enough to signal the applicability of the disclosure to the dependent claim elements. Do you at least agree that you're indicating that you believe the Board had to basically be on a hunting mission to find where the argument was with respect to claim sets? No, Your Honor, I don't. There was only one paragraph of law in Round 1 addressing the packet security gateway limitation that specifically referenced it being on the border of the land as well as the land comprising standard network devices. A land switch is the epitome of a standard network device. Any reasonable fact finder would look to the very limited site of disclosure and see plainly on the text of law it explicitly stating that network device 146 can comprise a land switch or a firewall. The groundwork was right there in the petition. You're asking us to say that it's an abuse of discretion for the Board not to go hunting and find this argument that maybe it's a very simple argument, but it's one that the burden is on the petitioner to make. I think under the unique facts of this case where the Board's institution decision cited the very same relevant portions of both the petition and law with respect to the packet security gateway elements and the packet transformation function elements, and went on, it didn't have to, but it went on to state explicitly that the petition had sufficiently disclosed the subject matter of Claim 6 and 33. It didn't say Claim 6 and Claim 33, did it? Yes, it did, Your Honor. It listed all of the claims in Round 1, including Claim 6 and 33. It may have listed them, but did it say we see sufficient argument or evidence to institute an IPR for Claim 6 or for Claim 33? I mean, that's the only reasonable interpretation of the Board's sentence that I could see, Your Honor. Why don't you show me the sentence? Yes. Turn to... Institution decision, right? Yes. Appendix 1334, state found that Keysight had, quote, established sufficiently, end quote, that the combined disclosures of Law and Good Law be taught the inventions covered by, and then it listed all the claims including 6 and 33. You're in the last paragraph before E, is that right? I believe so, Your Honor. It's true under SAS that the Board, once finding that at least one claim in the petition met the standard for institution of an IPR, the Board didn't have any discretion other than to institute for all of the claims that you wanted to put at issue. Is that correct? That's correct, Your Honor. So the Board wasn't obligated to make the statement that it made here. It went above and beyond explicitly identifying claims 6 and 33 and what it said that the petition had sufficiently disclosed. So on that record, when the patent owner knows this, doesn't respond to the disclosures, which are clear enough on the face if you look at them, and then at the oral hearing, ask counsel where the disclosures are located, I respond to the portions in the petition, the same ones cited by the institution decision that found the claims 6 and 33 were present. On that record, it's like this court's decision in Unilog 2017 where it found that even though the petition's arguments could have been more clear, the Board was obligated to consider them, especially after the arguments were made more clear. Counsel, are you a defendant in a case where you're still accused of infringing claims 6 and 33? Correct, Your Honor. And you think you're at risk of being found liable if we affirm this decision? There's always that risk, Your Honor. But one final aspect before I reserve the remainder of my time for rebuttal, I'd just like to say that the statements at the oral hearing, responding to the Board's questions on where the disclosure was in the petition were not new arguments under this court's precedent because, as this court has explained, the difference between an impermissible new argument and a permissible clarifying statement depends on whether the argument relies on new references or new portions of a reference that relied on in the petition. Here, Keysight's statements at the oral hearing relied on the same portions of law identified in the petition with respect to the same packet security gateway and packet transformation function limitations to support the same obvious misground based on law and GONABI. As such, the statements by Keysight's counsel are like those that this court has found to be a permissible clarification of a prior position, and the Board should have considered them, especially in view of what it found in the institution decision. Your statement at the oral hearing, consistent with your statement in the brief to us, which I think you'll confirm now, is there is no explicit reference or cross-reference for Claims 6 and 33 to the arguments that you made for the other claims that were found unpatentable. The claim numbers are not present next to, immediately adjacent to the relevant analysis. So claims are identified by numbers. Well, by the substance. Again, look at this court's decision in invasive. That's an argument. That's fine. I'm just trying to establish the fact, which you say in your blue brief at 33 or 32, which you told the Board in the portion of the oral hearing you're referring us to, we agree. Essentially, we messed up. We did not make an explicit reference. We didn't tie these limitations of these claims to these arguments. Please forgive us. Maybe it's an abuse of discretion not to forgive us, but we didn't do it. Correct? I think there's no question. The petition could have been more clear. Not only more clear, but it didn't do, I mean you've previously admitted it didn't do these things explicitly. It didn't include 6 and 33 next to the relevant discussion, but that relevant discussion is there. Again, I would direct this court back to in reinvasive, which found under exactly the same fact pattern, without an explicit reference to the claim limitation or the claim number, the disclosure in considering the substance of the petition was nonetheless sufficient based on what it signaled. Counsel, your time is running out. If you wanted to say something, we'll give you two minutes for rebuttal. Thank you, Your Honor. Mr. Iancu. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Andre Iancu from Sullivan and Cromwell on behalf of Centripetal. This is a case that tests the meaning of discretion that the board, that the patent office has to enforce its own rules and to enforce the statute. The statute is clear. The statute says that the petition must identify with particularity every claim and the argument and evidence that supports that invalidity theory. And the board's practice is crystal clear on this as well. And then this Court, in many cases, this Court has emphasized that the petitions must provide an element by element analysis with specifics and not just that, but the specifics must be done with understandable explanation on a claim by claim basis. It cannot possibly be an abuse of discretion under these circumstances for the board to enforce the statute, its own rules under the statute, and this board's precedent. However one wants to stretch abuse of discretion or arbitrary and capricious standards, this cannot be the case. Correct me if I'm wrong. It looks like Centripetal never called out this procedural failing, not in its preliminary response, not in its patent owner response, not in its reply. It seems to have first come up, generated by one of the PTAP judges at the oral hearing. Is that correct factually? And if so, why shouldn't we consider this whole dispute waived? It's, they did not, the petition didn't put these claims at issue through an argument as required by the statute. There was no reason. It certainly challenged the validity of these claims. You don't dispute that. It may not have made an argument, but ministerially they put at issue the validity of these five claims, and that was well understood, I would think. I actually don't know even if that's correct, Your Honor. I mean, the reality is they put it in a head note, in a heading, and in the conclusion just listing claims. It's not clear. What would you take more as a quote typo, the fact that they're missing entire paragraphs of an entire analysis, or the fact that the random claim number appears in a heading? What is your best case that you could identify for us that just listing these claim numbers in a heading is insufficient to be, I guess, explicit argument regarding the unpatentability of these claims? Well, first of all, there are no cases that the other side has cited or that we have seen where an entire analysis is completely missing. The cases that are before the court in the briefing here are cases where arguments, the analysis is done, but perhaps new arguments are being made in reply or at the hearing, or there's a dispute about the clarity of the argument, and so on. We don't believe that this court has ever taken a case where a claim analysis was entirely missing, okay, and then reversed the board for not considering that analysis. Now, I do want to address briefly the newvasive case that they mentioned, and that's a case along the lines that I've just mentioned. That's a case where there are actually two IPRs compared side by side, which is interesting to see. In the first IPR in that case, 507, in the newvasive case, first of all, there was an analysis of the claim, okay? So, again, this is not a missing claim analysis situation. So they had an analysis in that case, and the argument was it wasn't clear enough, and that was supplemented on reply. Well, at least the argument was at least in that case even, which was, quote, minimally past the bar even there. The limitation was at least referenced, and if you look at that case, you will see that it talks about Frey and Michelson was the new argument that was made in reply, allegedly. It said that it disclosed, quote, dimensions that are longer than wide. That was made in the petition, and that was the actual claim limitation. So that was actually done in that case in the petition, and the board and this court then concluded that, look, it was made. It wasn't clearly enough made, but the element was referenced. The analysis was done for the claim, and that was enough. For the second IPR there. To the Unilog case, that's the other case that opposing counsel referenced in his argument this morning. Same thing. Same thing in Unilog. In the Unilog case, again, it is not a missing analysis case. That, again, it is a missing, you know, it's a dispute as to whether it was made clear. And the argument was made clearly enough. The petition and the reply in Unilog did address claim four, period. And, you know, it was perhaps not addressed clearly enough, and the analysis was this court concluded it. You know what? It was enough. But here, Your Honor, it's really. a good question that Judge Stark had for you about why there wasn't any sort of waiver here in the sense of Centripetal not pointing out this potential failing. It's not our burden, Your Honor. It is their burden to prove invalidity and to make it with particularity in the petition itself. They simply did not do it here. And a couple of more points on that. Even at the oral argument, they didn't argue it. First of all, they didn't argue it in the petition itself. They didn't have it in the expert report attached to the petition. So we can't just say, huh, there was like a printing error or a typo or something. They didn't do it. And then they didn't do it. So it's not our burden to reply to an argument that wasn't made. Then they didn't do it in reply. And they didn't even do it at the hearing until, as Judge Stark mentioned, a PTAP judge asked for it. What do you say about the line in the institution decision at 1334, Petitioner establishes sufficiently the combined disclosures in law and go, Gonabi teach the inventions covered by, and they list the claims, including these at issue today. They just list the claims. They're just copying and pasting what they see in the petition. So they do not do an analysis. The board itself in the institution decision does not provide any reasoning where, why there is a land switch there. It doesn't say that there is. It doesn't utter the words in the institution decision. And by the way, so that does not mean that they've done the analysis. And more importantly, even if they had done it, they have a right to change their minds upon a further review of the record in the final written decision. Is it your contention that the land switch limitation of four of the five claims at issue today is unique to those four claims and is not the same limitation as in claim one that counsel was directing us to? It's absolutely not in claim one. It is only in claim six and those other four similar claims. It does not appear anywhere else in their papers. And importantly, they keep talking about, you know, that they addressed it in claim one. They actually didn't. Land switch and the word switch does not appear in their petition at all or in the record, in the reply or in their expert declaration. What they do in claim one is they equate it with, they equate an element in claim one with a firewall in the law reference. And they do the same thing at the hearing, by the way. It's all about the firewall. They don't even, even when they try to equate the two, they don't talk about a land switch. This is simply a situation where the record is completely devoid of an analysis of claim limitations. Of a limitation unique to the claims that survived the IPR. Correct. And the same is true for claim 33, which is unique and very different from the other claims that they are trying to rely on. 33 stands by itself. How is it different materially or what limitation is in just 33 that's not in one or more of the claims that the board found were unpatentable? Yeah, so what you have to do, Your Honor, is look at claim 33 and compare it to the other claims. The easiest to do visually is to compare it to claim 32, which is right above it. And you will see that just linguistically, they are very different. And claim 33 is much shorter, first of all. It talks about at least one packet transformation function configured to route the associated packets to a monitoring device. Claim 32, the one before it, does not talk about the packet transformation function doing anything. It's not there. The relevant limitation there is at the end. Routing based on a subset of information in the identified packet doesn't tell you that it's the packet transformation function that's configured to do that. And also, the fact that claim 32 has the routing done based on something, on the information in the identified packet, that based on is not in claim 33. And here's the proof in the pudding. When they listed the claim 33, which, again, has no analysis at all in their petition or expert report. But when they listed it in the head section heading, it was for ground one. OK, these other claims like 32 and the others that they're now relying on, they are that analysis is done under ground five. So the grounds don't even match up. So under any possible reading of the statute, the board's discretion, and the standard of review here before your honors, the PTAF's final written decision here has to be affirmed with respect to these dependents. Just as a counterfactual, not the way you want it to come out, but what would be the problem with this court saying, in some rare instances it is an abuse of discretion for the board when the limitation at issue has been signaled. I think there was a phrase from your friend on the other side. It's obvious. It's basically in the light of day. It's indisputable. And, by the way, the patent owner didn't dispute the sufficiency of the argument. What would be wrong with us saying, at least in some narrow circumstances, it is an abuse of discretion for the board not to put two and two together when we can all see it in the light of day in an appellate context? First of all, it just wasn't signaled. It really wasn't. They didn't talk about the switch. It was the word or land switch. They're just not there, number one. Number two, it wasn't signaled or cross-referenced in other claims. It's just not there. And, Your Honor, if you do it here, I just don't think it can be done narrowly enough at all. And it would create a situation on these egregious facts where it's missing from everywhere, everywhere in the record. It will just simply open the door for petitioners to completely sandbag not just the patent owner but the patent office. And, ultimately, what does it mean to give discretion to the office to enforce its own rules and the statute if not given in a situation like this? Thank you, Counsel. Thank you, Your Honors. Mr. Dietrich has two minutes rebuttal. Thank you, Your Honor. Four quick points. First, I'd like to be clear that this was not an instance of sandbagging. Do you agree that land switch does not appear in the petition itself? Those words next to each other are not on the face of the petition. Not on the face of the petition. Is there somewhere else that you think they're ghostwritten? Like, I don't understand what you mean by not on the face of the petition. Well, the paragraph discussing the packet security gateway corresponding to Laws Firewalls 146 referenced it being at a land and comprising standard network devices. A land switch is the most standard of standard network devices. That points the reader. Can you point me to exactly what you're describing here? Give me a page site so I can look at it. Appendix 300 and 301. It's a single paragraph describing the packet security gateway comprising a firewall at the And just to be clear, there's no dispute at any point by opposing counsel that the cited disclosure in that one short paragraph discloses that Firewall 146 comprises a land switch. Centripetal also was on notice of this, both by the petition and the explicit institution decision. I'll point, Your Honors, to Appendix 1369, which explicitly warned Centripetal that any arguments not raised in its response would be waived. And one point on in reinvasive. I believe opposing counsel stated that the claim limitation was longer than wide. That's not the case. That's a key point. The claim limitation was a ratio of 2.5. Nowhere in that petition referenced that ratio. That's the entire point. There was no reference to the claim number or the subject matter, but rather the signal to longer than wide was enough to infer the applicability to that claim limitation. And just really quick on packet transformation function. The petition referred to paragraph 103 and Dr. Shakespeare's testimony that law discloses the packet transformation function of rerouting packets and logging. That's the very same disclosure that the board relied on in other claims like Claim 32 to disclose an identical limitation. There's no question that there's not enough there to signal on that claim limitation, even on the face of the board's final written decision itself. Thank you, counsel. Thank you.